NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH L. QUINN, JR. and MARY QUINN,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., HSBC BANK, USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, LLC SERIES 2007-A, and DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Civil Action No. 16-6967-CCC-MF<br><br>OPINION |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court upon motion of Defendant Wells Fargo Bank, N.A. ("Defendant")[1] to dismiss *pro se* Plaintiffs Joseph L. Quinn, Jr. and Mary Quinn's ("Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 16. Plaintiffs oppose the motion. ECF No. 25. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is granted.

**II.     BACKGROUND**

On or about June 21, 2007, Plaintiffs financed the property located at 13 East 10th Street, Bayonne, New Jersey (the "Property"). Complaint ("Compl."), ECF No. 1 ¶ 22. The Property was acquired with a mortgage loan in the sum of $254,804.90, originated by Wachovia Bank. *Id.*

---

[1] Defendant HSBC Bank, USA, National Association as Trustee for Wachovia Mortgage Loan Trust, LLC Series 2007-A has not made an appearance in this case and was dismissed from this case on July 25, 2017. ECF No. 29.

1

The mortgage subsequently was assigned to multiple parties, and ultimately was transferred to National Association as Trustee for Wachovia Mortgage Loan Trust, LLC Series 2007-A. *Id.* ¶ 39. Plaintiffs dispute the validity of the chain of assignments. *Id.* ¶¶ 39-47, 56-63. On August 13, 2015, Defendant filed a Foreclosure Complaint against Plaintiffs, and on February 9, 2016, after Plaintiffs defaulted, a final judgment and writ of execution were entered against Plaintiffs in state court. *See Wells Fargo Bank NA v. Quinn*, Superior Court of New Jersey, Docket No. 028123-15.[2]

Plaintiffs initiated this action on August 10, 2016, alleging five counts against Defendant: Breach of Contract/Breach of Duty of Good Faith and Fair Dealing (Count One); Violation of New York Unfair and Deceptive Business Practices (Count Two); Breach of Covenant of Good Faith and Fair Dealing (Count Three); Negligent Misrepresentation (Count Four); and Quiet Title, Constructive Fraud (Count Five). On October 20, 2016, Defendant filed the instant motion to dismiss. ECF No. 16.

### III. LEGAL STANDARD

#### A. Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1)

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). An attack on subject matter jurisdiction can be either facial—based solely on the allegations in the complaint—or factual—looking beyond the allegations to attack jurisdiction in fact. *Mortensen v. First Fed.*

---

[2] On a motion to dismiss, the Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). As the foreclosure action is a matter of public record, the Court will consider these documents for purposes of the instant motion.

*Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where, as here, the challenge to subject matter jurisdiction is facial, the Court considers "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Accordingly, the complaint must be dismissed if the allegations on the face of the complaint, accepted as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. U.S.P.S.*, 33 F.3d 259, 206 (3d Cir. 1994).

### B. Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

### C. Liberal Pleading Standard for *Pro Se* Litigants

Because Plaintiffs are *pro se* litigants, their filings are entitled to a liberal construction. *See*

*Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This Court therefore has a special obligation to discern both the nature of the relief and the appropriate law to govern their request. *Id.* Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines*, 404 U.S. at 520-21).

## IV. DISCUSSION

The gravamen of Plaintiffs' Complaint is twofold. Plaintiffs allege: (1) the assignments of the mortgage were in violation of the Pool Servicing Agreement ("PSA") and therefore are invalid; and (2) Defendant sold Plaintiffs a "deceptive loan product" because it knew or should have known that Plaintiffs could not qualify for the mortgage loan. Compl. ¶¶ 32, 40-42. Defendant contends the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and that the doctrines of *Younger*, *res judicata*, collateral estoppel, and entire controversy bar Plaintiffs' claims. *See* ECF No. 18. Defendant further argues that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted. *Id.* For the reasons set forth below, the Court finds Plaintiffs lack standing to challenge the assignment of the mortgage, their claims are barred by the *Rooker-Feldman* doctrine, their federal claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and their remaining claims are dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

4

### A. Standing to Challenge Assignment

As a preliminary matter, Plaintiffs lack standing to challenge the mortgage assignment, because Plaintiffs were neither parties to nor intended third-party beneficiaries of the pool service agreement or assignments. *See Gilarmo v. U.S. Bank NA ex rel. CSAB Mortgage Backed Trust 2006-1*, 643 F. App'x 97, 100 (3d Cir. 2016) (agreeing with the "overwhelming majority of courts" that "a borrower in default has no standing to challenge an assignment said to violate a pooling service agreement"); *English v. Fannie Mae*, No. 13-2028, 2013 U.S. Dist. LEXIS 167906, at *10 (D.N.J. Nov. 26, 2013). Therefore, to the extent Plaintiffs bring claims pursuant to a violation of the PSA, the Court grants Defendant's motion to dismiss for lack of standing.

### B. *Rooker-Feldman* Doctrine Bars Plaintiffs' Claims

The *Rooker-Feldman* doctrine bars "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The *Rooker-Feldman* doctrine is implicated when, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.'" *Madera v. Ameriquest Mortg. Co. (In re Madera)*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)). The doctrine is applicable where: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284).

"Because foreclosure requires the existence of a valid mortgage, claims that impugn the validity of a mortgage and therefore 'negate the foreclosure judgment' are barred under *Rooker-Feldman*, since those claims are 'inextricably intertwined' with the foreclosure action itself." *Dunbar v. Nationstar Mortg., LLC*, No. 16-4259, 2016 WL 6804874, at *2 (D.N.J. Nov. 16, 2016) (quoting *In re Madera*, 586 F.3d at 232). Therefore, district courts in the Third Circuit have consistently applied *Rooker-Feldman* to bar federal actions seeking to appeal or alter a state foreclosure proceeding. *Id.* In the instant matter, the Court finds the *Rooker-Feldman* doctrine is applicable, as Plaintiffs previously lost in state court, in that a final judgment was entered by the New Jersey Superior Court on February 9, 2016, prior to the commencement of the instant suit filed on August 10, 2016, and Plaintiffs seek reversal of that judgment in that they seek to bar Defendant "from attempting . . . to evict" Plaintiffs from the subject property. Compl. ¶ 131. Accordingly, the *Rooker-Feldman* doctrine precludes Plaintiffs' claims against Defendant regarding Defendant's right to foreclose on the subject property and bars Plaintiffs' claims to the extent that they invite the Court to review the state foreclosure action.

### C. Federal Claims

Plaintiffs identify seven federal statutes through which they claim this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331: Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Home Ownership and Equity Protection Act, Securities Act of 1933, Wire Act, Mail Fraud Act, and Bank Fraud. Compl. ¶ 1. There are two plausible causes of action the Court can discern from the facts alleged in the Complaint: a violation of TILA and a violation of RESPA.

First, Plaintiffs assert that Defendant violated the requirement that a creditor that is "the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including

. . . (D) the location of the place where transfer of ownership of the debt is recorded." Compl. ¶ 29; 15 U.S.C. § 1641(g). Plaintiffs assert "there are no recorded assignments of" their mortgage, and thus Defendant violated this statute. Compl. ¶ 29. Civil liability for violation of this statute is governed by 15 U.S.C. § 1640. *Church-El v. Bank of N.Y.*, No. 11-877, 2015 U.S. Dist. LEXIS 167220, at *18 (D. Del. Dec. 15, 2015). The Third Circuit has explained that "[i]n the context of TILA disclosure violations, a creditor's failure to properly disclose must cause actual damages; that is, without detrimental reliance on faulty disclosures (or no disclosure), there is no loss (or actual damage)." *Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009). Here, Plaintiffs fail to allege detrimental reliance on Defendant's lack of disclosure or actual damages caused by such failure. Accordingly, Defendant's motion to dismiss Plaintiffs' claim for a violation of TILA is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Second, Plaintiffs allege Defendant "violated RESPA rules by failing to disclose the use of table funding for Plaintiff's [sic] loan, the source of funds used on Plaintiff's [sic] loan, and the commissions and fees earned by Wachovia and others relating to the use of the table funded loan." Compl. ¶ 52. Notably, Plaintiffs do not identify the relevant section of RESPA they allege Defendant violated. Nevertheless, as with a claim pursuant to TILA, Plaintiffs must allege actual damages to state a claim pursuant to RESPA. *See Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.") (citing 12 U.S.C. § 2605(f)(1)(A)). Here, Plaintiffs fail to allege actual damages. Accordingly, Defendant's motion to dismiss Plaintiffs' claim for a violation of RESPA is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

As to the other federal causes of action, Plaintiffs do not appear to assert, and the Court

cannot discern, facts sufficient to state a cause of action arising from these statutes. Therefore, to the extent Plaintiffs bring claims pursuant to these federal statutes, the claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### D. State Law Claims

To the extent the facts alleged in the Complaint give rise to state law claims, the Court declines to exercise supplemental jurisdiction. The basic statutory grant of federal court subject matter jurisdiction provides for federal question jurisdiction and for diversity of citizenship jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. §§ 1331, 1332). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* Here, as Plaintiffs failed to state a cognizable federal claim, the Court does not have federal question jurisdiction. To invoke § 1332, Plaintiffs must state "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* Here, as Plaintiffs do not plead any amount in controversy, the Court cannot consider this claim under diversity jurisdiction. Further, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any remaining state law claims arising in the Complaint. Accordingly, the Court dismisses Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction.

### V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. To the extent the deficiencies identified in this Opinion can be cured, Plaintiffs have thirty (30) days from the date of this Opinion to file an amended pleading. An appropriate Order accompanies this Opinion.

Date: August 25, 2017

_____s/ Claire C. Cecchi_____
**CLAIRE C. CECCHI, U.S.D.J.**